John W. Villines (CA SBN 193672)
JV LAW
726 14th Street, Suite E
Modesto, CA 95354
*Mailing Address:*
P.O. Box 580049
Modesto, CA 95358-0002
Tel: (209) 524-9903
Fax: (209) 524-6655
E-Mail: john@jvlaw.net

Attorneys for Plaintiff
CELIA CERVANTEZ

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| CELIA CERVANTEZ, individual,<br><br>   Plaintiff,<br><br>  vs.<br><br>INDYMAC FEDERAL BANK FSB, NDEX WEST, L.L.C., and DOES 1 – 10;<br><br>   Defendants. | **COMPLAINT FOR RECISSION, DAMAGES & JURY DEMAND** |

Plaintiff CELIA CERVANTEZ hereby alleges as follows:

## I. Preliminary Statement

1. Plaintiff CELIA CERVANTEZ brings this action against INDYMAC

FEDERAL BANK FSB, NDEX WEST, L.L.C., and DOES 1 through 10

(collectively hereinafter "Defendants") to:

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-1-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

    a. Give effective Notice to Rescind and Cancel the security instrument;

    b. Enforce Rescission;

    c. Reimburse all fees, charges, and costs paid in a consumer credit transaction pursuant to violations of the Truth in Lending Act,15 U.S.C. §§ 1601 *et seq*. ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq*. (Reg. Z); and

    d. Obtain a reasonable attorney fee.

2. As home mortgage lenders, Defendants are required to clearly and conspicuously disclose to consumers material information regarding any loans sold, transferred or assigned pursuant to TILA.  TILA mandates disclosure of essential facts any consumer would need to assess the affordability and desirability of any given loan, as well as material information regarding a borrower's right to cancel or rescind the loan.

3. Despite their legal obligations, throughout the relevant time period, Defendants failed to clearly and conspicuously disclose and/or actively concealed material information regarding the loan at issue here to lure Plaintiffs into purchasing a loan that would result in overextension of credit, loss of equity in their home, derogatory credit reporting, and foreclosure on Plaintiffs' home.

4. Rather than notify Plaintiffs of true facts, Defendants provided Plaintiffs with intentionally confusing and misleading information and failed to disclose in a

clear and conspicuous manner material information about the loan, specifically information related to Plaintiffs' rescission rights.

5. The Defendants are proper parties to be sued for claims arising out of the transaction when Defendants are attempting to *enforce contractual obligations* and the Plaintiffs are in an affirmative or defensive position asserting a rescission claim under TILA, Reg. Z, asserting a basis to rescind under Reg. Z – 12 C.F.R. § 226.23(h)(2), *Special rules for foreclosures*, when a foreclosure is underway.

6. As a result of their unlawful conduct, Defendants have profited mightily at the expense of Plaintiffs, who have lost equity in their home, suffered derogatory credit reports, and are in the process of losing their home through foreclosure.

## II. Parties

7. Plaintiff CELIA CERVANTEZ (hereinafter "Plaintiff") is a *consumer* and a *natural person* as that term is defined under 15 U.S.C. § 1602(h). Plaintiff has rights as a citizen domiciled here in California, the owner of the *principal dwelling* commonly known as 16216 W. Harmony Ranch Rd. Drive, City of Delhi, County of Merced, State of California (95315), A.P.N. 009-481-009-000 (hereinafter the "Property") and at all times relevant and material hereto, resides on the Property as his home.

8. Plaintiff is informed and believes, and based thereon, alleges that Defendant INDYMAC FEDERAL BANK FSB, is a Delaware Corporation, qualified to do business in California by the Secretary of State, and engaged in the business of servicing mortgages and home loans in California, and is the Servicer and/or Attorney in Fact of the purported present Beneficiary and Assignee of the subject Deed of Trust. This defendant may claim a pecuniary interest, and is joined and needed for just adjudication.

9. Plaintiff is informed and believes, and based thereon, alleges that Defendant NDEX WEST, L.L.C. is a Delaware limited liability company, qualified to do business in California by the Secretary of State, and engaged in the business of servicing mortgages and home loans and/or performing foreclosure trustee services in the State of California. Plaintiff is informed and believes, and based thereon, alleges that Defendant NDEX, is and at all material times was an agent, partner, joint adventurer, or co-conspirator, of the other defendants or is in some other was liable for the damages claimed herein. NDEX is the Agent for the Beneficiary, may claim a pecuniary interest, and is joined and needed for just adjudication.

10. Defendants are registered with the California Secretary of State as foreign entities and doing business in California with minimum contacts here in this forum by registering with the California state government and maintaining

-4-

multiple offices throughout California. Defendants are each a *creditor* as that term is defined under 15 U.S.C. § 1602(f) and Reg. Z § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement.

11. Defendants DOES 1 – 10 are involved in the instant case and transactions and are currently unknown to Plaintiff, and are therefore sued by such fictitious names. Plaintiff alleges, on information and belief, that said Defendants are securitized trusts, equity funds, collateralized debt obligations (CDO), CDO underwriters, CDO trustees, hedge funds or other entities that acted as additional lenders, loan originators, and/or assignees to the loan which is the subject of this action. These DOES may include corporate parents, subsidiaries or other related entities of Defendants who may also be liable to Plaintiff. At all times mentioned herein, Defendants, and each of them, were engaged in the business of selling, servicing and/or owning, or are and were the assignees of, the loan that is the subject of this Complaint. Plaintiff will seek leave of Court to replace the fictitious names of these entities with their true names when there are facts are known and supported by competent evidence.

12. Plaintiff is informed, believes, and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or

-5-

omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

13. At al times material hereto, each of the Defendants (both named and DOE defendants) sued herein were the agent, servant, employer, joint venturer, partner, division, owner, parent, subsidiary, alias, assignee, successor in interest, and/or alter ego of the other remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, parent, subsidiary, assignment, successorship, alter-ego, partnership or employment and with the authority, consent, approval, and ratification of the remaining Defendants.

14. At all times mentioned herein, each Defendant was the co-conspirator of the remaining Defendants and was acting with the course and scope of said conspiracy and with the permission and consent of the other Defendants.

15. At all times mentioned herein, each Defendant was acting in concert or participation with the other Defendants, or was a joint participant and collaborator in the acts complained herein.

/ / /

/ / /

-6-

### III. Jurisdiction/Venue

16. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiff's state law claims because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, communications notifying Plaintiffs of a non-judicial foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and Defendants principle business are within the forum state of California.

### IV. Conditions Precedent

18. All conditions precedent have been performed or have occurred and TILA; Reg. Z violations may be asserted affirmatively and defensively due to the non-

judicial foreclosure filing and election to sell and as a recoupment or set-off pursuant 15 U.S.C. 1637 *et seq.*

19. The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes, *DeMando v. Morris*, 206 F.3d 1300 (9th Cir. 2000).

20. Plaintiff has standing as of the date of the contract and where the contract is a federally related mortgage transaction governed by TILA; Reg. Z and due to the non-judicial Notice of Default foreclosure filing recorded in the official records, of the County, a copy attached hereto as Exhibit 1 and incorporated as if fully stated herein by reference.

## V. Statement of Facts

21. Defendants are in the business of selling a variety of home loans to consumers, including the residential loan that is the subject of this Complaint.

22. As home mortgage lenders, Defendants are required by law to clearly and conspicuously disclose certain information to consumers, in writing, regarding the terms of the loan and the right to rescission to protect the integrity of the home lending industry and shield consumers from predatory lending practices.

23. Throughout the relevant time period, Defendants have not met their legal obligations due to their failure to clearly and conspicuously disclose pertinent information regarding the loan sold to Plaintiff and by failing to inform Plaintiff

-8-

of the time frame for her right to cancel the loan.

24. The federally related mortgage transaction at the root of this case was closed with documents signed on or about April 18, 2006 (hereinafter the "Closing").

25. Plaintiff's application consolidated and refinanced a previous mortgage loan transaction covering real property then and now the primary *principal dwelling* and home of the Plaintiff.

26. At the purported Closing, Plaintiff entered into a mortgage loan transaction (hereinafter the "Transaction") with Defendants, and was provided with copies of various documents to include those material to this case, namely:

   a. Adjustable Rate Note,

   b. A Deed of Trust security instrument,

   c. Adjustable Rate Rider,

   d. A Truth in Lending Disclosure Statement,

   e. A HUD – 1 Settlement Statement,

   f. Notices of Right to Cancel,

27. The Transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

28. The Transaction and all closing documents characterize a *Consumer Credit Transaction* as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

29. The Transaction is a Closed-end Credit Transaction as that term is defined in Reg. Z § 226.2(10) where a *security interest* was retained in favor of MERS acting solely as a nominee for Lender and Lender's successors and assigns

30. The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

31. The material documents specifically identified above in Plaintiff's Paragraph 26, all failed in one or more material respects to disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

32. The material documents specifically identified in Paragraph 26, above, all failed in one or more material respects to disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

33. Specifically, the HUD – 1 Settlement Statement identifies additional charges in the approximate amount of **$1,724.33**, which are wrongfully included in the "Amount Financed" category because they are actually "Finance Charges" as that term is defined under U.S.C. § 1605(a) and Reg. Z - 12 C.F.R. § 226.4(a),

and therefore contradicts the Truth in Lending Disclosure Statement and violates the disclosure requirements of TILA and Reg. Z.

34. The failure to accurately disclose these charges and settlement service fees varies by more than the legal threshold of $35.00 and actually and materially understates the "Finance Charges" on the Truth in Lending Disclosure Statement.

35. Pursuant to Reg. Z § 226.23(h)(2), *Special rules for foreclosures. Tolerance for Disclosures*, when a foreclosure is underway, the tolerance for Rescission is $35.00 for an understated "Finance Charge" disclosure.

36. The failure to accurately and effectively disclose the Truth in Lending Disclosure Statement is a failure to accurately provide a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3) n48.

37. Plaintiff could **not** have discovered these failures through due diligence during the appropriate statute of limitations period, and therefore the statute of limitations period is tolled. Plaintiff has no knowledge of the legal requirements on lenders, and does not understand how to read the HUD-1 and Truth in Lending Disclosure Statement.

38. On or about January 8, 2009, Plaintiff received a "Notice of Default and Election to Sell," which was initiated and sent by Defendants.

39. Notwithstanding these allegations, Plaintiff has a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures correctly made in a form the Plaintiff may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z § 226.23(a).

40. The three day right to rescind is statutorily extended up to three-years under 15 U.S.C. § 1635(f) due to the foregoing *material* failure to provide effective Notice of Right to Cancel.

41. As of this date, all Defendants have utterly failed to honor Plaintiff's valid Rescission Notice and have failed to seek judicial guidance as required by TILA and Regulation Z.

42. Plaintiff hereby surrenders the Property or its equivalent in value determined by application of all proceeds since origination, and disputes any alleged default due to rescission of the Transaction.

43. A controversy has arisen due to Defendants failure to provide accurate *material* disclosures so that Plaintiff may tender any balance and extinguish the Transaction by operation of law.

44. The foregoing acts and *material* omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the Plaintiff's disclosure rights.

# VI. Claims for Relief Against Defendants

## Count 1 – Rescission under TILA & Reg. Z

45. Plaintiff incorporates each paragraph set forth above as if fully stated herein.

46. A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

47. As a result of Defendants' failure to provide proper *material* disclosures correctly as described above, Plaintiff is entitled and has exercised his right of rescission of the Transaction. Plaintiff contacted defendants by presenting a written Notice of Rescission, and has communicated with Defendants by telephone on multiple occasions in an effort to resolve this issue.

48. Rescission of the Transaction extinguishes any liability Plaintiff has to Defendants' for finance or other charges arising from the Transaction.

49. Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument and Notice of Default and Election to Sell is void and unenforceable under 15 U.S.C. § 1635(b).

50. Defendants have twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance. To date, many months later, Defendants have not responded to the rescission

-13-

demand as required under TILA's provisions and Reg. Z.

51. Defendants' performance is <u>a condition precedent</u> to Plaintiff's duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.  Notwithstanding this condition precedent, Plaintiffs are ready and willing to meet their tender obligations pursuant to Reg. Z – 12 C.F.R. § 226.23(d)(3) by tendering the money or property to the creditor, or where the latter would be impracticable or inequitable, tender its reasonable value.

52. Any further acts to enforce an invalid security instrument and impose finance charges and fees are wrongful, improper, and a serious breach of fiduciary duty associated with Defendants' obligations.  Such acts violate TILA, Reg. Z, and are contrary to the explicit statutory requirements and contract between the parties.

53. Defendants' failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Reg. Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even through the use of due diligence.  Therefore, the doctrine of equitable tolling applies to Plaintiff's claims for civil damages.

54. The aforementioned acts entitle Plaintiff to statutory and actual relief pursuant to 15 U.S.C. § 1640, rescission pursuant to 15 U.S.C. § 1635 and 12 C.F.R. §

226.23, and reasonable attorney fees and costs.

## Count 2 – TILA & Reg. Z

55. The original payee of the note and beneficiary of all other documents at a purported closing with defendants acted in contravention of TILA and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiff as a result.

56. The TILA Disclosure Statements, and all documents provided to Plaintiff in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following other respects:

      i. By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b);

      ii. By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1);

      iii. By failing to include in the Finance Charge certain charges imposed by Defendants payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Reg. Z - 12 C.F.R. § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Reg. Z § 226.18(d)

-15-

iv.  By failing to provide the expiration date that the rescission rights

terminate in violation of Reg. Z § 226.23(b)(5); and

v.  By failing to accurately disclose material disclosures in violation

of 15 U.S.C. § 1632(u) and Reg. Z - 12 C.F.R. § 226.23(a)(3) n48.

57.    As a result of the acts specifically alleged above, Plaintiff has suffered injury

an amount to be determined at time of trial.  If Defendants had not violated TILA

and instead properly disclosed the material terms of Defendants' loan product, as

alleged herein, Plaintiff would not have entered into the loan.

58.    Defendants' failure to clearly and conspicuously disclose the terms of the

loan pursuant to TILA and Reg. Z made it impossible for Plaintiff to discover the

fraud or nondisclosures within the one-year statutory period for civil damages

claims, even through the use of due diligence.  Therefore, the doctrine of equitable

tolling applies to Plaintiff's claims for civil damages.

59.The aforementioned acts entitle Plaintiff to statutory and actual relief pursuant

to 15 U.S.C. § 1640, rescission pursuant to 15 U.S.C. § 1635 and 12 C.F.R. §

226.23, and reasonable attorney fees and costs.

/ / /

## VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

# VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), Plaintiff prays for judgment against Defendants as follows:

1. Rescission of this transaction,

2. Termination of any security interest in Plaintiff's property created under the transaction,

3. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction,

4. Statutory damages of no less than $2,000 for the disclosure violations,

5. Statutory damages of no less than $2,000 if Defendants' fail to respond properly to Plaintiff's rescission notice,

6. Forfeiture of return of loan proceeds if Defendants' fail to respond properly to Plaintiff's rescission notice,

7. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a legal or non-judicial proceeding on the Plaintiff's Property, from recording any deeds, mortgages, or liens on or regarding the Property, except a lawful release of lien, and from otherwise taking any steps to deprive Plaintiff of his ownership of the Property;

-17-